# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Elizabeth Monroy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:19-cv-03143-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Kilolo Kijakazi, | ) | **ORDER** |
| Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Elizabeth Monroy's Motion for Attorney's Fees under the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 28.) Plaintiff was awarded $147,398.90 in past-due Title II benefits and $36,849.00 was withheld to pay attorney's fees. (ECF No. 28-1 at 1.) Plaintiff's counsel ("Counsel") seeks an award of attorney's fees in the amount of $30,953.73, which is less than 25 percent of Plaintiff's past-due benefits. (*Id.*) Defendant filed a Response indicating he neither supports nor opposes the request. (ECF No. 30 at 1.)

Under § 406(b)(1), a district court may award fees to a successful Social Security benefits claimant's lawyer for his representation before the court. 42 U.S.C. § 406(b)(1) ("Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"). In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court clarified the legal framework to be used for awarding attorney's fees under § 406(b)(1) for the successful in-court representation of a claimant who signed a contingent-fee agreement. When the contingent-fee agreement and requested fee do not exceed 25 percent of

the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807.  The Court did not provide a definitive list of factors to be considered because it recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Nevertheless, it noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court; or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case.  *Id.* (citing *Gisbrecht*, 535 U.S. at 807).

After reviewing Plaintiff's Motion (ECF No. 28), Memorandum in Support (ECF No. 28-1), exhibit of the work done and time spent (ECF No. 28-2), Plaintiff's Fee Agreement (ECF No. 28), and the Social Security Administration's Notice of Award (ECF No. 28-3), the court concludes Counsel's request for attorney's fees is reasonable.  Counsel successfully represented Plaintiff, there is no evidence of substandard services, and the requested amount is not extraordinarily large in comparison to the amount of time spent on the case.

Counsel previously received $4,009.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (ECF No. 28-1 at 1–2.)  These funds are to be refunded to Plaintiff in full.  *See Gisbrecht* at 796 (noting that when both EAJA and § 406(b) fees are awarded, a claimant's attorney, not the Commissioner, refunds to the claimant the smaller amount).

Accordingly, the court **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 28) in the amount of $30,953.73 or 25 percent of benefits past-due to Plaintiff by reason of this court's judgment, whichever is less.  Plaintiff's counsel is directed to return the attorney's fees in the

amount of $4,009.50 previously awarded under the EAJA to Plaintiff after he receives the payment of the § 406(b) fees.

**IT IS SO ORDERED.**

United States District Judge

August 1, 2022
Columbia, South Carolina